Curia, per

Wardlaw, J.
In February, 1840, the sum of $2163 33, was bona fide due to the plaintiff. An agreement was then made for his forbearance of $2000, at 12 1-2 per cent. A note was taken for $2000, bearing the lawful interest of 7 per cent.; and by cash, and a small note, payment was made of the $163 33, and the usury for a year. In February, 1841, a renewal note was taken for the principal, $2000, and a year’s interest, making $2140, and a second note for usury taken. In December, 1841, the two notes taken for the usury were paid ; and in *85 March, 1842, another renewal note was taken for $2140, and a year’s interest .thereon, making $2289 80, bearing interest from 1st February, 1842.
Our statute of 1830, (6 Stat. 409,) repeals so much of the former Act against usury, as made void usurious securities, and imposed other penalties on the lender, and allows the lender to recover “the amount or value actually lent and advanced,” and directs that “the principal sum, amount or.value, so lent or advanced without any interest, shall be deemed and taken by the courts, to be the true legal debt or measure of damages, to all intents and purposes whatsoever, to be recovered without costs.” • The question here is, whether the usury paid, should be deducted from the original principal of $2000, or Irom the principal of the last note, $2289 80, to ascertain the balance which should be recovered without interest or costs.
The deduction from either sum, takes for granted, that all payments made upon an usurious contract, should, under the late statute, be considered as payments pro tanto of the principal; and this seems to be a proper construction of the statute. Its intention appears to be to substitute a forfeiture of all interest and of costs, in lieu of the former forfeiture of the whole debt, and the same rules before settled, to determine whether the greater penalty w?as incurred, are yet applicable in deciding as to the less. Now there can be no doubt that before the late statute, although a new security given to an innocent third person, in lieu of one that was tainted with usury, was protected, (3 Term Rep. 390;) yet between the parties or those affected by a knowledge of the usury, a second security given, in consideration of a former one that was usurious, was itself so, (3 Term Rep. 537; 2 Brev. 548;) and a security, wherein a valid debt and an usurious transaction were blended, although separate notes were given, was infected in the whole. 2 McCord, 173 ; 1 Id. 350.
But it has been supposed that a second security was ■formerly void, merely as nudum pactum, because its consideration was the first security, made void by the old statute; and that the new statute, by providing that the first usurious security shall not be void, makes it a good «consideration for the second; and that, «therefore, in this *86 case, the last note contains the true principal, inasmuch as it was a payment of the former one.
This reasoning would shew that the last note is not at all infected with usury ; for if there was by it a payment of the old debt, and a new lending of a new principal, it is free from all objection, and should not be subject to any deduction on account of a corrupt agreement and payment as to a principal which has been paid.
Even under the old statute, usury paid could be recovered back only in an action for the penalty of treble value. The ready means would thus be presented of evading the late statute altogether, by taking the usury in cash, and speedily renewing the security for the principal and interest. But in truth the renewed security was formerly void, not only as a nudum pactum, but as itself a violation of the statute, being a security which itself contained usury, or was taken for that, which, added to the payment made, or otherwise secured, or contracted for, would make more than lawful interest. And although a borrower who should pay usury could not now recover it back, or resist the payment of the same money lent to him again upon lawful interest, the bona fides of the payment would, in an action against him, upon the supposed new loan, be matter of inquiry; and no new security between the parties, without actual bona fide payment, could be held free from the original taint; however, in certain other cases a renewed security may be a discharge of the old.
The parties may repent of their usury, and by deduction, or re-payment of all sums paid for usury, and cancelling all contracts and securities for the same, make good a new security for the principal and lawful interest; 1 Camp. N. P. 165, (n;) 2 Taunt. 184; but a lender cannot retain his unlawful gains, or his contract for the same, and by any change of securities, or removal of objection from the face of his papers, avoid the forfeiture enacted.
There seems, then, no reason to depart from the obvious construction of the statute, which suggests the $2000 “actually lent,” as the sum from which the payments made must be deducted. The case of Stewart vs. Fowler, Harp. 403, shews that this is the same which, under the old statute, would have been regarded as the “sum lent” of which *87 the treble value would have been forfeited by receipt of usury; and the $2289 80, cannot here be considered the principal. Without giving effect to devices which have long since been deemed insufficient to protect the usurer, and sanctioning principles which would convert the legislative reduction of the forfeiture into*a virtual repeal of all restraints upon usury.
The motion for a new trial is, therefore, granted.
O’Neall, Evans, Butler and Richardson, JJ. concurred.